**William T. KING, Appellant,**

v.

**ALCO CONTROLS DIVISION OF EMERSON ELECTRIC CO., Appellee.**

**William T. KING, Appellee,**

v.

**ALCO CONTROLS DIVISION OF EMERSON ELECTRIC CO., Appellant.**

**Nos. 84–1433, 84–1471.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1984.

Decided Oct. 23, 1984.

See also D.C., 565 F.Supp. 50.

William T. King, St. Louis, Mo., pro se.

D. Michael Linihan, St. Louis, Mo., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

## PER CURIAM.

William T. King brought this action under Title VII and 42 U.S.C. § 1981 against Alco Controls Division of Emerson Electric Co., his former employer. King alleges that he was denied promotional opportunities, suspended; and fired because of his race. He also alleges that his discharge was in retaliation for his having filed a claim of discrimination. The case was referred to a magistrate[1] for decision by agreement under 28 U.S.C. § 636(c), and it was tried to a jury of six persons. After the jury, sitting to determine plaintiff's § 1981 claim, returned a verdict for defendant, the magistrate made detailed findings

of fact and conclusions of law, also in defendant's favor, and the complaint was dismissed. Plaintiff's two court-appointed lawyers were permitted to withdraw, and he now appeals pro se.

We have carefully considered the entire record, including plaintiff's brief and reply brief, which, although prepared by a lay person, adequately set forth his contentions in literate, sometimes eloquent, language. We are not persuaded that any error of law was committed, nor that any clearly erroneous finding of fact was made, and we therefore affirm the judgment of the District Court.

█ Plaintiff's principal contentions are that there was racial discrimination in the selection of the jury and that a juror was seated who had a business contract with the defendant. Although we have not been furnished with a transcript of the proceedings, it is reasonably clear from the briefs that no objections were made in the District Court to preserve these points. To this plaintiff counters that his court-appointed attorneys were ineffective, but ineffectiveness of counsel is not a ground for setting aside a judgment in a civil case. Plaintiff also argues that errors were made in the admission and exclusion of evidence, but we are convinced that the District Court did not abuse its discretion in any of the claimed respects.

█ In addition, whatever the merits of plaintiff's objections to the selection of jurors, we have here, in addition to the jury verdict, the magistrate's meticulous findings and conclusions on the Title VII claim.[2] The Court found, among other things, that plaintiff was discharged because he had threatened and harassed other employees. (He had, for example, ac-

---

1. The Hon. David D. Noce, United States Magistrate for the Eastern District of Missouri.

2. The factual question of discrimination *vel non* is, of course, common to both the § 1981 and Title VII claims. A jury verdict on this issue in the context of a § 1981 claim is normally conclusive on the same issue in the Title VII context as well. See, *e.g., Goodwin v. Circuit Court of St. Louis County,* 729 F.2d 541, 549 n. 11 (8th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 112, 83 L.Ed.2d 55 (1984), *supplemental opinion on third-party claim,* 741 F.2d 1087 (8th Cir.1984). Apparently the defendant, having won the jury verdict, did not make the collateral-estoppel argument on the Title VII claim. In a way, it is fortunate that it did not, for as a result we have thorough and complete findings of fact to review.

cording to the magistrate's findings, threatened to shoot two other employees.) These findings are not clearly erroneous, and the magistrate applied correct principles of law in holding that plaintiff, on the whole case, had not borne his burden of proof on the issue of disparate treatment. Therefore, even if there were some infirmity in the procedure by which the jury were chosen, plaintiff would still be faced with a finding of fact that no discrimination occurred.

In addition, defendant cross-appeals from the District Court's refusal to assess attorneys' fees against the losing plaintiff. We find no abuse of discretion in this action.

The judgment is affirmed.